IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHNELL GLADYS KELLEY,** | )<br>)<br>) Civil Action No. 1:19-cv-00061 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B). This is a case involving a report for employment purposes.

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## PARTIES

3. Plaintiff, Johnell Gladys Kelley ("Ms. Kelley") is an adult individual residing in Indianapolis, IN.

1

4. Defendant First Advantage Background Services Corporation ("FA") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. FA regularly conducts business in the District of Indiana and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**A. Background.**

7. On April 19, 2017, the Allen Superior Court granted Ms. Kelley's Petition for Expungement for criminal case No. 02D04-0708-MC-1720 (the "criminal case 1720") in accordance with Indiana Criminal Code section 35-38-9-7 ("I.C. 35-38-9-7").

8. As a result of the above expungement, the court records and other public records relating to the arrest, conviction, or sentence of the criminal case shall remain public, but all such records and the reporting of such records shall be clearly and visibly marked or identified as being expunged under I.C. 35-38-9-7.

9. Ms. Kelley had paid her debt to society and satisfied all the requirements for expungement for an act committed when she was 18 years old, and sought to move on with her life. After the expungement, she thought she could.

**B. Pervious Inaccurate Reporting.**

10. In September 2017, Ms. Kelley applied for a job with Conduent, Inc. for a customer care position.

11. On September 27, 2017, approximately six (6) months after the expungement of criminal case 1720, Defendant produced a report about Ms. Kelley to Conduent, Inc.

12. The report produced by Defendant on September 27, 2018 contained inaccurate and incomplete information including the reporting of criminal case 1720 without clearly and visibly marking or identifying that the record was expunged (the "inaccurate information").

13. Ms. Kelley disputed the inaccurate information twice to Defendant with documentation of the court order of expungement, but Defendant "verified" its inaccurate reporting both times.

14. As a result, Ms. Kelley was denied employment with Conduent, Inc., and remained out of work for a period of time.

15. Ms. Kelley was devastated by Defendant not only reporting the inaccurate information but verifying it as allegedly accurate on multiple occasions after she directly disputed with Defendant.

16. As a result of Defendant reporting and verifying the inaccurate information as it relate to criminal case 1720, Ms. Kelley, through counsel, filed a lawsuit in this Court (Dkt. No. 1) Case No. 17-cv-04634-JMS-MPB.

17. The case was assigned to Judge Jane E. Magnus-Stinson and Magistrate Judge Matthew P. Brookman.

18. Defendant was represented by counsel, Seyfarth Shaw, LLP, to defend against that action.

19. In May 2018, Ms. Kelley settled her case with Defendant.

**C. Re-reporting of Inaccurate Information.**

20. Feeling that she could be confident that the inaccurate information would have been corrected after the lawsuit and settlement, in or around August 2018, Plaintiff applied for a

new job, this time with Bluegreen Vacations Corporation ("Bluegreen") as a Senior Vacation Specialist.

21.     Plaintiff interviewed for the position and was provisionally hired by Bluegreen, contingent upon a background check.

22.     Bluegreen requested from the Defendant, and the Defendant sold to Bluegreen a consumer report concerning the Plaintiff, on August 14, 2018.

23.     The consumer report furnished by Defendant was for employment purposes.

24.     The consumer report furnished by Defendant was again inaccurate.  Specifically, Defendant had reinserted the inaccurate information regarding criminal case 1720, by reporting the expunged record on Ms. Kelley's report and failing to clearly and visibly mark or identify that the record was expunged as required under the Indiana Criminal Code, section 35-38-9-7.

25.     Defendant reinserted the inaccurate information despite the previous lawsuit and settlement.

26.     The inaccurate information negatively reflected upon the Plaintiff. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that misidentified Plaintiff as being a convicted felon, because it again failed to update its criminal records to conform its reporting of expunged records, despite Ms. Kelley's prior disputes and lawsuit for the inaccurate reporting.

27.     In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Had Defendant followed such procedures it would have never falsely reported the inaccurate information.

28. On August 20, 2018, Plaintiff was informed by Bluegreen that her employment was suspended due to the inaccurate criminal information that appears on her consumer report produced by Defendant.

29. Again, Plaintiff was financially injured by Defendant's inaccurate reporting and sustained renewed emotional distress, humiliation and reputational harm.

**D.  Defendant's Systemic Problem.**

30. FA has a systemic problem of producing inaccurate reports and subsequently reinserting the inaccurate information after it had represented that it would correct the inaccuracy. There are at least two publicly available lawsuits in which Defendant has engaged in very analogous conduct.

31. FA was sued in *Rivera v First Advantage Background Services Corp.* (D. Conn. Case No 18-cv-04639) by Plaintiff, Francisco Joel Rivera, (herein after Rivera) for producing a background check report which contained inaccurate criminal history information including a felony conviction. In creating and furnishing the Mr. Rivera's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about him and incorrectly portrayed him as a convicted felon.

32. Rivera disputed the inaccurate information with FA and FA sent correspondence to Rivera that his background report had been revised and the inaccurate criminal record information removed.

33. Notwithstanding the above, FA produced a subsequent background check report to another prospective employer which again contained inaccurate criminal history information, again inaccurately portraying Mr. Rivera as convicted felon.

34. Rivera again disputed the inaccurate information with FA, and sued FA as a result of its false reporting.

35. Rivera settled his case confidentiality with FA.

36. FA was also sued in *Williams v First Advantage Background Services Corp.* (N.D. Fla. Case No. 13-cv-222) by Plaintiff, Richard Alexander Williams, (herein after Williams) for producing multiple background check reports which contained inaccurate criminal history information. Similar to Rivera, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about him and incorrectly portrayed his as a convicted felon.

37. Williams disputed the inaccurate information with FA and FA sent correspondence to Williams that his background report had allegedly been revised and the inaccurate criminal record information was removed.

38. Notwithstanding the above, FA produced a subsequent background check report to another prospective employer which again contained inaccurate criminal history information.

39. The Williams case proceeded to trial, where a jury found in Williams favor and awarded $250,000 in compensatory damages and $3,300,000 in punitive damages. This award was affirmed by the court following a post-trial motion by FA (*Williams v. First Advantage LNS Screening Sols., Inc.*, 238 F. Supp. 3d 1333 (N.D. Fla. 2017)).

40. Based on the above, Ms. Kelley has no confidence that FA will not continue to produce inaccurate criminal records about her in the future, as it has done in the past with respect to her and others, despite its representations that it will correct its inaccurate reporting.

41. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

42. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

43. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard of federal law and the rights of the Plaintiff herein.

## COUNT I – FIRST ADVANTAGE
## VIOLATIONS OF THE FCRA

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

46. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

47. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

48. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

49. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

50. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**JOHNELL KELLEY**

By: ___/s/ Larry P. Smith_____
Attorney for Plaintiff

Dated: January 8, 2019

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

John Soumilas, Esquire (*Pro Hac Vice* forthcoming)
Alexis I. Lehmann, Esquire (*Pro Hac Vice* forthcoming)
FRANCIS & MAILMAN, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 735-8600
E-Mail: jsoumilas@consumerlawfirm.com
E-Mail: alehmann@consumerlawfirm.com